# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT CONNORS : | **Hon. Dennis M. Cavanaugh** |
| Appellant (s) : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-2236 (DMC) |
| DEUTSCHE BANK NATIONAL TRUST : | |
| COMPANY; 41 LAKERIDGE LLC : | |
| Appellees (s) | |

**DENNIS M.CAVANAUGH, U.S.D.J:**

This matter coming before the Court on appeal of Chapter 13 debtor, Vincent J. Connors, ("Appellant") from an order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on March 7, 2005, granting Lakeridge LLC 's ("Appellee Bidder"), motion for relief from stay, finding Appellant did not have the right to cure under 11 U.S.C. Section 1322(c)(1) and Appellant's right to redeem under state law had expired. No oral argument was heard on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, this Court affirms the decision of the Bankruptcy Court.

## I. Procedural History

November 14, 2004, Appellant filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code 11 U.S.C. 101, et. seq., in the United States Bankruptcy Court for the District of New Jersey. (Appellant's Br. at 1). Appellant also filed a Chapter 13 Plan on November 20, 2005. (Id.) The Chapter 13 Plan proposed to cure the pre-petition arrears of Ocwen Federal Bank, the predecessor in interest to Deutsch Bank National Trust, herein referred to as "Appellee Bank" over 60 months for a total of $32,000.00 with Appellant making

monthly payments.  (Id.)  Appellee Bank is the holder of a note and Mortgage on Appellant's residence.

On January 19, 2005, Appellee Bidder, filed a Motion for Relief from the Automatic Stay, claiming that on November 10, 2004, it was the successful bidder at the Sheriff's Sale of Appellant's residence, and Appellant's right for redemption had expired.  (Appellants Br. at 1-2). February 6, 2005, Appellant filed opposition to Appellee Bidder's Motion, arguing that he maintained a right under 11 U.S.C. Section 1322(c)(1) to cure his default of the note and Mortgage because the Deed to the property had not yet been issued to the Appellee Bidder and consequently the Sheriff's Sale was not complete.  (Appellee's Br. at 3).

A hearing was held on Appellee Bidder's Motion for Relief from Stay on March 7, 2005. At the hearing before the Honarable Novalyn L. Winfield, the court granted Appellee Bidder's Motion, finding that Appellant did not have the right to cure under 11 U.S.C. Section 1322(c)(1) and that Appellant's right to redeem under state law had expired.  (Appellant's Br. at 3).  The Court issued a written opinion on March 9, 2005, adopting by reference and attachment, the reasoning set forth in the Court's unpublished opinion in the case of In Re Janet Maricic.  (Id.)

On March 13, 2005, Appellant filed a Motion to Stay the March 9, 2005, Order granting relief from stay, which the Court granted March 21, 2005, Pending Appeal.  The Notice of Appeal was filed by the Appellant on March 15, 2005, and the issue of appeal before this Court is whether a Chapter 13 debtor has the right to cure a pre-petition default on his residential mortgage after the gavel has fallen at a pre-petition Sheriff's Sale, but prior to a deed being issued to the bidder. (Appellant's Br. at 4).  This Court finds that neither 11 U.S.C. Section 1322(c)(1) nor state law allow such a right to cure, and this Court affirms the order of the Bankruptcy Court.

## II. Discussion

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges." In reviewing an order of the Bankruptcy Court, a District Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a de novo standard to the Bankruptcy Court's legal conclusions. See In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); In re Morrissey, 717 F.2d 100, 104 (3d Cir. 1983); Fed R. Bankr. P. 8013.

### B. The Right to Cure a Default Terminates at the Completion of the Foreclosure Sale

A schism has developed in New Jersey over the last ten years in the application of 11 U.S.C. Section 1322(c)(1), which was added to the Bankruptcy Code in an attempt to determine a specific termination point for when a Chapter 13 debtor could cure a default under 1322(b). Section 1322(c)(1) provides that a "default with respect to, or that gave rise to a lien on the principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law. New Jersey Courts are split regarding the applicable nonbankruptcy law. Courts are evenly divided on the issue whether the "gavel rule" should be applied, or alternatively, the "delivery of deed rule."

The "gavel rule" cases, which Judge Winfield applied in her decision have determined that the right to cure terminates at the time the Sheriff completes the foreclosure auction, See, In Re Hric, 208 B.R. 21 (Bankr. D.N.J. 1997); In Re Simmons, 202 B.R. 198 (D.N.J. 1997); In Re Ziyambe 200 B.R. 790 (D.N.J. 1996). On the other hand, "the delivery deed" cases have

3

decided that a foreclosure sale does not occur until a deed is delivered by the Sheriff to the successful bidder.  See, Chisolm v. Cendant, 2005 U.S. Dist. Lexis 32266 (D.N.J. 2005); Matter of Randall, 263 B.R. 200 (D.N.J. 2001); St. Claire v. Beneficial Mortgage Co., 251 B.R. 660 (D.N.J. 2000).

Appellant requests that this Court find that a Chapter 13 debtor's right to cure a default under 1322(b), terminates, pursuant to 1233(c)(1), upon the delivery of the deed by the Sheriff and reverse the decision of the bankruptcy court. (Appellant's Reply Br. at 6).  The Appellant uses Chisolm v. Cendant, 2005 U.S. Dist. Lexis 32266 (D.N.J. 2005) to advance his argument that this Court should adopt the "delivery of the deed" rule.  This Court finds Chisolm's analysis that a foreclosure sale is completed with the delivery of the deed unpersuasive.  Instead, it chooses to uphold the "gavel rule" and the Bankruptcy Court's decision.

Judge Winfield correctly interpreted 11 U.S.C §1322(c)(1) to allow the debtor to cure until foreclosure of the sale is conducted, which allows the debtor to exercise only what additional remedy applicable state law provides.  Since the time within which the debtor could redeem under applicable New Jersey law had expired, the Bankruptcy Court appropriately granted Appellee's motion for relief from the automatic stay.

Judge Winfield  explained the reasons behind the Bankruptcy Court's choice to uphold In Re Simmons 202 B.R. 198 (D.N.J. 1997), and depart from In Re Randall 263 B.R. 200 (D.N.J. 2001).  Upon review of these cases, this Court adopts the reasoning and decision set forth in Simmons.  Simmons provides ample time for relief sought by the debtor, providing that the debtor cure before the date which the property is sold to the highest bidder at a foreclosure sale. Simmons at 201-303.  This Court finds the "gavel rule" consistent with the legislator's intent and

4

the purpose of §1322.  For these reasons, the Court affirms the decision of the Bankruptcy Court.

### III. CONCLUSION

For the reasons stated, Bankruptcy Court's March 9, 2005 Order is affirmed.

       S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:       June 15, 2006  
Original:   Clerk's Office